# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV18-01972 JAK (ASx) | Date | May 24, 2018 |
| Title | Mark Langston v. T-Mobile US, Inc. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT (DKT. 18)

## I.  Introduction

Mark Langston ("Plaintiff") brought this action in the Los Angeles County Superior Court on January 30, 2018. Ex. A to Notice of Removal, Complaint ("Compl."), Dkt. 1-2 at 8-21. The Complaint advances five claims under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 *et seq.* against T-Mobile US, Inc. ("Defendant" or "T-Mobile"). *Id.*[1] These claims arise from Plaintiff's former employment at T-Mobile, and the subsequent termination from that employment. *See generally id.*

On March 9, 2018, T-Mobile removed this action pursuant to 28 U.S.C. §§ 1441 and 1446. Notice of Removal, Dkt. 1. The removal was based on the claimed diversity of citizenship between the parties, and an amount in controversy of more than $75,000. *See id.* ¶ 3 (citing 28 U.S.C. § 1332). Plaintiff filed a motion to remand the Action. Dkt. 18 ("Motion"). Defendant filed an opposition to the Motion. Dkt. 22 ("Opposition"). Plaintiff replied. Dkt. 24 ("Reply").

Because the matter was one deemed appropriate for resolution without a hearing pursuant to L.R. 7-15, it was taken under submission. Dkt. 26. For the reasons stated in this Order, the Motion is **DENIED**.

## II.  Allegations in the Complaint

The Complaint alleges that, on June 10, 2002, Plaintiff was hired by T-Mobile as an Account Executive. *See* Compl., Dkt. 1-2 ¶ 4. In 2009, Plaintiff alleges that he had a significant anxiety attack. *Id.* ¶ 9. It is alleged that, as a result, he suffered from physical and mental disabilities, including Post Traumatic Stress Disorder ("PTSD"). *Id.* ¶¶ 10-12. Plaintiff's FEHA claims are based on T-Mobile's alleged discrimination on the basis of these disabilities, as well as its alleged failure to provide reasonable accommodations. *Id.* ¶¶ 10-23. Plaintiff alleges that T-Mobile terminated his employment on February 9, 2016. *Id.* ¶ 24.

---

[1] Defendant states that T-Mobile was erroneously sued as "T-Mobile US, Inc.," and that its correct name is "T-Mobile USA, Inc." *See* Notice of Removal, Dkt. 1 at 1 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-01972 JAK (ASx) | Date | May 24, 2018 |
|---|---|---|---|
| Title | Mark Langston v. T-Mobile US, Inc. | | |

The Complaint does not quantify the amount of claimed damages. However, Plaintiff does not contest that the amount in controversy exceeds $75,000. *See* Dkt. 18 at 6-7.

### III. Analysis

    A.    Legal Standards

In general, a civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. 28 U.S.C. § 1441(a). Diversity jurisdiction is presented when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.*; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

    B.    Application

Defendant has the burden to establish federal jurisdiction. *See Gaus*, 980 F.2d at 566-67. Accordingly, T-Mobile must show that the adverse parties are citizens of different states, and that the amount in controversy is more than $75,000. 28 U.S.C. §§ 1332, 1441.

        1.    Diversity of Citizenship

Plaintiff is an individual. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, he is a citizen of the state in which he is domiciled. That is the state where he resides with the intent to remain, or the state to which he intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The Complaint does not allege Plaintiff's domicile. However, the Notice of Removal states that the Complaint sufficiently establishes that he is domiciled in California. *See* Dkt. 1 ¶ 4. Thus, the Complaint alleges that, at all relevant times, Plaintiff was employed by T-Mobile in California. *See* Compl., Dkt. 1-2 ¶¶ 5-6, 12-13. Furthermore, Plaintiff's administrative filing with the California Department of Fair Employment and Housing ("DFEH"), which is attached to the Complaint, states that he "resides in the City of Culver City, State of California." *See* Ex. A to Compl., Dkt. 1-2 at 26. Finally, Plaintiff does not contest his status as a citizen of California. *See* Motion, Dkt. 18 at 4-5. For these reasons, for purposes of the Motion, it has been shown that Plaintiff is a citizen of California.

T-Mobile is a corporation. *See* Notice of Removal, Dkt. 1 ¶ 5; Declaration of Jill Ripke ("Ripke Decl."), Dkt. 1-2 ¶¶ 3-4. Pursuant to 28 U.S.C. 1332(c)(1), a "corporation shall be deemed to be a citizen of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-01972 JAK (ASx) | Date | May 24, 2018 |
|---|---|---|---|
| Title | Mark Langston v. T-Mobile US, Inc. | | |

every State [] by which it has been incorporated and of the State [] where it has its principal place of business." A corporation's "principal place of business" refers to the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This is commonly referred to as the "nerve center" of a corporation, and is usually "the place where the corporation maintains its headquarters." *Id.* at 93.

In the Notice of Removal, T-Mobile asserts that it is incorporated in Delaware and its principal place of business in Bellevue, Washington. As a result, it claims that it is a citizen of both of those states. *See* Notice of Removal, Dkt. 1 ¶ 5. In support of the claim that its principal place of business is in Washington, T-Mobile presents evidence that its physical, corporate headquarters is located there, *i.e.,* at 12920 SE 38th Street, Bellevue, Washington. *See* Declaration of Latisha Moss ("Moss Declaration"), Dkt. 22-1 ¶ 2. Moss, who is a senior manager in T-Mobile's Human Resources department, declares that she is employed by T-Mobile at the headquarters in Bellevue, Washington, and that that location is where the "vast majority of T-Mobile's "executive and administrative functions" are conducted. *See id.* ¶¶ 2-3. The Bellevue facility is also identified as T-Mobile's headquarters in its required filings with the states of California, Washington, and Delaware, as well as in its annual Form 10-K filed with the United States Securities and Exchange Commission ("SEC"). *See id.* ¶ 4; *see also* Ex. A to Moss Decl., Dkt. 22-1 at 5 (cover page to T-Mobile 2017 Form 10-K filed with SEC).

Plaintiff contends that T-Mobile is a citizen of California. *See* Dkt. 18 at 4-6. In support of this position Plaintiff claims that T-Mobile conducts a significant amount of business, and maintains several offices, in California. *See id.* However, these factors are not determinative of the "nerve center" of a corporation. As the Supreme Court explained in *Hertz*:

> A corporation's 'nerve center,' usually its main headquarters, is a single place. The public often (though not always) considers it the corporation's main place of business. And it is a place within a State. By contrast, the application of a more general business activities test has led some courts . . . to look, not at a particular place within a State, but incorrectly at the State itself, measuring the total amount of business activities that the corporation conducts there and determining whether they are 'significantly larger' than in the next-ranking State.

*Hertz*, 559 U.S. at 93.

"[I]f a corporation may be deemed a citizen of California on th[e] basis" of "activities [that] roughly reflect California's larger population . . . nearly every national retailer—no matter how far flung its operations—will be deemed a citizen of California for diversity purposes." *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029-30 (9th Cir. 2009). Absent evidence that a purported corporate headquarters was "nothing more than a mail drop box [or] a bare office with a computer," the nerve center of a corporation is "ordinarily" the location where it maintains its headquarters. *Hertz*, 559 U.S. at 95-97.

The nerve-center test is narrowly construed. *3123 SMB LLC v. Horn*, 880 F.3d 461 (9th Cir. 2018), determined that the nerve center of a holding company was the state in which its board meetings took place, notwithstanding that the limited amount of work of the company showed that "there is little to direct, control, or coordinate." *Id.* at 465. Thus, *Horn* concluded that "because 3123 SMB presented evidence that Lincoln One's minimal activity was directed from board meetings in Missouri, that state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-01972 JAK (ASx) | Date | May 24, 2018 |
|---|---|---|---|
| Title | Mark Langston v. T-Mobile US, Inc. | | |

appears to be the corporation's principal place of business." *Id.* at 471.

T-Mobile has presented evidence that its executive policy and strategic decision making, as well as its administrative functions, are conducted at its headquarters in Washington. *See* Moss Decl., Dkt. 22-1 ¶¶ 3, 5-6.[2] Plaintiff has not presented any competing evidence.

Based on the foregoing, T-Mobile has met its burden to establish that its "place of actual direction, control, and coordination" is in Washington. *See Hertz*, 559 U.S. at 97. It has also shown that it is a citizen of Delaware for purposes of diversity jurisdiction. Because Plaintiff is a citizen of California, there is complete diversity of citizenship under 28 U.S.C. § 1332.

2. Amount in Controversy

The Complaint does not allege an amount of damages. When removal is based on diversity of citizenship, and the complaint does not state an amount in controversy, the defendant's notice of removal may do so. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). *Dart Cherokee* held that 28 U.S.C. § 1446 provides the applicable pleading standard for adequately alleging an amount in controversy when one is not included in the complaint. Plausible allegations of an amount in controversy in excess of $75,000 are sufficient, and that a "statement 'short and plain' need not contain evidentiary submissions." *Id.* Where a plaintiff contests the amount in controversy alleged by the defendant, the defendant bears the burden of proof by a preponderance of the evidence that at least $75,000 was in controversy at the time of the removal. *Id.* at 553-54 (citing 28 U.S.C. § 1446(c)(2)(B)) (internal quotation marks omitted).

Defendant asserts that Plaintiff's potential award of back pay satisfies the amount in controversy requirement. *See* Notice of Removal, Dkt. 1 ¶ 8. It supports this position with copies of payroll records. They show that Plaintiff's annual salary was $102,221.54 at the time of his termination. *See* Removal Declaration of Latisha Moss ("Moss Removal Decl."), Dkt. 1-1 ¶ 3; Ex. A to Moss Removal Decl., Dkt. 1-1 at 4. Plaintiff seeks compensation for lost income. Neither the Complaint nor Plaintiff's opposition to the Motion states that Plaintiff has obtained new employment since his termination by Defendant, which was about two years before the removal. Therefore, it is reasonable to accept that his alleged loss at the time of removal was at least the amount of his annual salary. This meets the statutory minimum, *i.e.,* greater than $75,000. This amount is independent of claims for other forms of damages as well as attorney's fees, which confirm that the jurisdictional amount is met.

It is also significant that Plaintiff has not challenged T-Mobile's assertion that the amount in controversy exceeds $75,000. *See* Dkt. 18 at 5-6. Because evidence establishing the amount in controversy is only required when the plaintiff contests the defendant's allegation thereof, *see Dart Cherokee*, 135 S. Ct. at 554, the Notice of Removal, including its attachments, is sufficient to satisfy this jurisdictional element.

---

[2] T-Mobile identifies Washington as its principal place of business in the Form 10-K it filed with the SEC. *See* Ex. A to Moss Decl., Dkt. 22-1 at 5. *Hertz*, expressed concern with placing substantial weight on statements made by an entity in its public filings because this could incentivize misstatements in them to advance litigation strategy. 559 U.S. at 96. *Hertz* did not determine that public filings should not receive any weight, particularly if there were other supporting evidence of the location of a nerve center. *Id.* ("the mere filing of a form" would not "without more, be sufficient proof to establish a corporation's 'nerve center.'"). Therefore, the statement in the Form 10-K of T-Mobile warrants some weight in connection with the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-01972 JAK (ASx) | Date | May 24, 2018 |
|---|---|---|---|
| Title | Mark Langston v. T-Mobile US, Inc. | | |

## IV. Conclusion

Because T-Mobile has sufficiently established each element required for diversity jurisdiction, the Motion is **DENIED**.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak